Filed 6/7/23  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080142 |
| v. | (Super.Ct.No. RIF095228) |
| JOHNNY MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Johnny Martinez, in pro. per.; Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Johnny Martinez appeals the Riverside County Superior Court's denial of his petition made pursuant to section 1172.6 of the Penal Code, to which he appended two petitions for resentencing pursuant to Penal Code sections 1172.7 and 1171.1.[1]

## BACKGROUND

Defendant was a gang member.  In 2001, a member of a rival gang (the victim) threw a beer bottle at defendant or defendant's car.  In response, defendant set out with other gang members to fight the victim "to squash things."  Although various witnesses gave different accounts detailing how the crimes unfolded, each concluded defendant shot and killed the victim.  He also shot another person, Jimmy, in the hip and the back.

In 2003, A jury convicted defendant of murder (§ 187) and attempted murder (§§ 664, 187) with the personal use of a firearm when causing great bodily injury or death in both crimes (§ 12022.53, subd. (d)).  In bifurcated proceedings, defendant pled guilty to the charge of being an ex-felon in possession of a firearm (§ 12021, subd. (a)(1)), and the court found true an allegation that he had suffered a prior strike (§ 667, subds. (c) & (e)).  Defendant was sentenced to two life terms, plus 80 years to life.

In defendant's ensuing appeal from the judgment, we instructed the trial court to amend the abstract of judgment to correctly reflect the sentence and affirmed the

---

[1] Section 1170.95 was renumbered as section 1172.6 and section 1171 was renumbered 1172.7, without change in the text, effective June 30, 2022.  (Stats. 2022, ch. 58, §§ 10, 11.)  For the sake of simplicity, we refer to the provisions by their new numbering.  All further statutory references are to the Penal Code.

2

judgment in all other respects. (*People v. Martinez* (June 18, 2004, E033679) [nonpub. opn.] (*Martinez I*).)

In 2021, defendant petitioned for resentencing pursuant to section 1172.6 and, in a separate motion, argued his sentence should not have been doubled because of his prior strike (a 1999 conviction for assault with a deadly weapon in violation of section 245, subdivision (a)(1)) was not a serious or violent felony. The trial court denied the petition and the motion. Defendant appealed and we affirmed the denials in *People v. Martinez* (Mar. 23, 2022, E077034) [nonpub. opn.].

A year later, defendant filed another section 1172.6 petition, which the trial court denied with prejudice. Defendant timely noticed this appeal and we appointed counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel requested judicial notice of the records in defendant's aforementioned prior appeals (case Nos. E033679 and E077034), which we granted. Thereafter, counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record and address the question whether the trial court denial of defendant's petition was proper "relative to the sentencing enhancements as part of its consideration" of defendant's petition.

3

We notified defendant that his counsel had filed a brief stating no arguable issues could be found, that this court is not required to conduct an independent review of the record but it may exercise its discretion to do so, and we invited him to file any arguments he deemed necessary.

In response to our invitation, defendant did not file a supplemental brief but instead submitted a handwritten a document entitled, "MOTION: FOR –'JUDICIAL – NOTICE," which bears this court's case number but is styled as an action by defendant against "N. McDowell (warden)," and requests that he be heard on matters concerning his trial and sentencing.

Even if defendant's submission was properly presented as a supplemental brief, he would not prevail. The only mention in the document of the petition denied by the trial court is defendant's a reference to appendix B of his petition accompanied by a statement that he is entitled to resentencing relief because "numerous legally invalid enhancements" were imposed. That appendix includes his claim that the enhancement in his case was rendered invalid by Senate Bill No. 483, which was codified in Penal Code sections 1172.7 and 1171.1. Defendant is mistaken. Penal Code section 1172.7 applies only to sentence enhancements imposed pursuant to Health and Safety Code section 11370.2. Penal Code section 1171.1 applies only to those enhancements imposed pursuant to subdivision (b) of Penal Code section 667.5. Defendant is not entitled to relief under either provision because the enhancements to his sentence were made pursuant to subdivisions (c) and (e) of Penal Code section 667.5.

The remainder of defendant's submission is devoted to challenges to the judgment, to wit: (i) improper testimony of a gang expert, (ii) denial of defendant's motion to exclude evidence of his pretrial statement, (iii) error in denying a jury instruction, and (iv) ineffective assistance of counsel. Defendant raised, and we rejected, the first three claims in his appeal in *Martinez I*, *supra*, E033679. In all events, the time for defendant to make any challenge on appeal to his 2003 conviction has long since passed. (Cal. Rules of Court, rule 8.308(a) [notice of appeal in a criminal matter must be filed within 60 days after rendition of the judgment or the making of the order being appealed].)

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

5